CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

APR 2 0 2006

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANDREW J. PARKER, | CASE NO. 3:02CV00086 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

Before the undersigned, under authority of 28 U.S.C. § 636(b)(1)(B), is the October 10, 2006 combined petition and memorandum for an award of attorney fees filed by C. Cooper Geraty, Esq., under 42 U.S.C. § 406(b), seeking approval of a contingent fee for his successful representation of the plaintiff. Counsel for plaintiff seeks an award of $25,060.68 representing 25% of plaintiff's past-due benefits withheld as set forth in a Notice of Award issued to the plaintiff, or $31,060.68, reduced by the amount counsel already has been awarded by the Social Security Administration in the amount of $6,000.00. Counsel also has represented that he will reimburse plaintiff the sum of $1,887.50 which was awarded under the EAJA once he receives the fee approved by the court, whatever that sum might be.

There is no dispute over the fact that counsel began representing plaintiff on February 8, 2000 under a contingency fee arrangement authorized by § 406(b) of the Social Security Act ("Act"), and that his firm's representation of the plaintiff continued until he had secured both a judgment from this court awarding benefits and payment of those benefits, subject to the withholding directed by statute for fee payment purposes. Further, there is no dispute that

counsel is entitled to a contingent fee award under § 406(b), but the Commissioner complains that a award of $25,060.68 is unreasonable, essentially because counsel already has been awarded $6,000.00 for his services before the administration, leaving, in her view, only 13.1 hours of court related services to be addressed. Her view is that, when computed on an hourly basis, $25,060.68 would compensated plaintiff's counsel at the hourly rate of $1,913.00, which she believes is unreasonably high.

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002), the Supreme Court rejected the notion held in some circuits, including the Fourth Circuit, that contingent fees in disability claims should be computed under the federal lodestar analysis and acknowledged that § 406(b) of the Act allowed recovery of contingent fees, so long as they were reasonable.[1] Of course, the Commissioner takes the position in this case that the fee requested objectively is unreasonable given the relationship between the time spent in court-related services and the amount claimed in the petition.

In *Mudd v. Barnhart*, 418 F.3d 424 (4th Cir. 2005), the Fourth Circuit acknowledged the effect of *Gisbrecht* on its decisional authority. It appears that the court recognized that the essential inquiry was that related to the reasonableness of the fee sought under § 406(b). The court specifically noted that the focus of the inquiry should be on the time counsel spent in court-related services on behalf of the claimant, but it affirmed an award of contingent fees which accounted for the time counsel had spent on the case before the administration as a factor in determining the overall reasonableness of the contingent fee

---

[1] The Court specifically rejected the position taken by the Fourth Circuit in *Craig v. Secretary, Dept. of Health and Human Servs.*, 864 F. 2d 324 (4th Cir.1989).

request.[2]

It appears that the lower courts in the Fourth Circuit are still getting used to a significant paradigm shift in cases petitions under § 406(b) given that a "reasonable" fee set under the lodestar analysis can be far less than a reasonable fee based on a contingent fee. While it is given that the Commissioner has a right to participate in these post-award proceedings, the undersigned remains of the view, as it did in *Craig*, that it comes off a bit disingenuous for the Commissioner, on the one hand, to fight a claimant "tooth-and-toenail" in denying benefits throughout a protracted claims process and, on the other hand, contend that it is in the claimant's best interest to deny the claimant and his/her attorney the benefit of their bargain to secure the services of counsel without whose help no award would have issued in the first place. The fight, so to speak, has continued even into counsel's efforts to be paid for his firm's critical services. The Law Judge who awarded fees for counsel's services before the administration noted the complexity of the case that counsel was responsible for the submissions that led to a favorable award. *See* Authorization To Charge and Collect Fee, May 27, 2005 at 1-2.

The only objection offered by the Commissioner is that the fee is large in comparison to the amount of time spent on the case. Somehow, the Commissioner believes an additional $6,300.00 is sufficient. This argument fails to account for the risks associated with taking a case where it is unlikely that any favorable result will obtain short of a court ordered award or a remand with specific directions for the Commissioner relating to further proceedings.

---

[2]The Commissioner cited *Milam v. Barnhart*, 387 F.Supp. 2d 656 (W.D.Va. 2005) for the proposition that the trial court should not consider counsel's efforts before the administration as a factor in determining the reasonableness of a contingent fee. It is noted that *Milam* was decided just a few days after the Fourth Circuit handed down *Mudd*, giving the appearance that the district court did not have the benefit of the *Mudd* decision when rendering its decision.

3

This argument further fails to account for the experience of instant counsel and his firm's ability to achieve more with less time and effort, or for the delay involved in achieving a favorable result, much less any compensation in the case for counsel's successful efforts. Moreover, the Commissioner appears unconcerned about the benefit of the bargain between plaintiff and his attorney facially, which conforms in every way to the requirements and restrictions set forth under the Act.

Undeniably, the Act has given the courts charge over determining whether a fee, contingent or otherwise, is reasonable. This does serve as a guard against overreaching by attorneys in these kinds of cases. However, it is difficult for the undersigned to see where opposition could lie to a contractual fee which fits within the parameters of the statute, and which is sought by competent and well-qualified counsel in a case which not only dragged on before the Commissioner made an award but now drags out in relation to the fee solely because, as contingent fees often do, the amount sought exceeds what counsel would receive only for court-related services if the fee had been based an hourly fee received under a lodestar analysis, which the Supreme Court rejected in *Gisbrecht*.

In the end, the undersigned cannot say the Commissioner has demonstrated that the fee sought under § 406(b) of the Act is "unreasonable." The undersigned does not find such *sua sponte*, and in fact finds it quite reasonable to allow the winning party and his counsel the benefit of the bargain over an award that would not exist but for counsel's efforts in the case.

Accordingly, t is RECOMMENDED that the presiding District Judge enter an order awarding counsel a contingent fee in the amount of $25,060.68 with direction that such amount be paid out of the withheld benefits as provided by law. Further counsel should be

4

directed to refund to the plaintiff all fees received under the EAJA upon receipt of the fees awarded by the court and paid under § 406(b).

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

4-20-06
Date

5

Case 3:02-cv-00086-NKM-BWC   Document 18   Filed 04/20/06   Page 5 of 5   Pageid#: 72