CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 26 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ANDREW J. PARKER,<br><br>                        *Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>                        *Defendant.* | CIVIL ACTION No. 3:02-CV-00086<br><br><br>OPINION AND ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on counsel for Plaintiff's Combined Petition and Memorandum for Award of Attorney Fee, filed October 10, 2005, pursuant to 42 U.S.C. §406(b). By order of the Court dated April 11, 2006, the matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, for proposed findings of fact and a recommended disposition. The Magistrate filed his Report and Recommendation on April 20, 2005, recommending that this Court grant the full award requested, $25,060.86, which represents 25% of Plaintiff's past due benefits of $124,242.72 (calculated between November 1998 and November 2003) less $6,000, the amount counsel had already been awarded under 42 U.S.C. §406(a).

The Commissioner filed Objections to the Report and Recommendation on May 1, 2006, thus obligating the Court to undertake a *de novo* review with respect to those portions of the report to which objections were made. 28 U.S.C.A. § 636(b)(1). The Commissioner argues that

1

a fee of $25,060.86 for 15.1[1] hours of work before this Court is a windfall fee for counsel, and should be cut to $6,300 as in *Milam v. Barnhart*, 387 F. Supp. 2d 656 (W.D. Va. 2005).

## I. Back ground

Plaintiff filed his original claim for benefits on November 6, 1998, claiming a disability onset date of May 8, 1998, due to migraines and fibromyalgia.

After benefits were denied at the initial and reconsideration levels, Plaintiff retained Geraty, MacQueen & Vitt, PLC to represent him before the Social Security Administration. (Fee Petition Exh. 1). Paragraph two of the February 8, 2000 contract for representation provides that if Plaintiff's claim "is favorably decided after an appeal to a federal court, I will pay my attorneys a fee equal to 25% of the past-due benefits." *Id.*

Benefits were also denied at the ALJ and Appeals Council level, and a Complaint seeking review of the Commissioner's final decision was filed in this Court on July 12, 2002. The Commissioner filed her answer and motion for summary judgment on October 4, 2002. Counsel did not file a motion for summary judgment on behalf of Plaintiff until February 14, 2003. In a May 1, 2003 Order, this Court reversed the Commissioner's decision and remanded for further proceedings. On July 24, 2003, ALJ Kilbane entered a fully favorable decision awarding disability insurance benefits and a period of disability to Plaintiff and his two dependents. (Fee Petition Exh. 5). The award of past due benefits was not processed until December 1, 2003, and

---

[1] The Commissioner asserts that counsel performed only 13.1 hours of work before the Court. However, the Court agrees with counsel that time spent preparing the EAJA fee pleadings was time spent representing Plaintiff, as success in an EAJA fee petition shifts a portion of Plaintiff's fee payment obligation to the Commissioner, thereby providing Plaintiff with a direct benefit. *See Respass v. Sullivan*, not Reported in F.Supp., 1992 WL 57917 *2 (E.D. Pa. March 17, 1992); *Lee v. Johnson*, 799 F.2d 31, 39 (3d Cir.1986).

2

were paid for the period of November 1998 through November 2003, in the case of Plaintiff's own award, and for the period between November 1998 and December 2003, in the case of his dependents' awards. (Fee Petition Exh. 6).

## II. Applicable Law

Title 42, United States Code, Section 406(b) provides:

> Whenever a court[2] renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court held that courts should not apply the lodestar approach—which had been adopted by the Fourth Circuit—to test the reasonableness of a fee request under § 406(b). Instead, courts should look first to the contingent-fee agreement, and then test the resulting fee for reasonableness. *Id.* at 808. The Court cited the following nonexhaustive factors as relevant to the reasonableness inquiry: (a) the character of the representation and the results the representative achieved; (b) delay occasioned by counsel for the claimant leading to higher past due benefits;[3] and (c) the existence of a windfall for counsel as evidenced by past due benefits "large in comparison to the amount of time counsel spent on the case." *Id.*

In *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005), the Fourth Circuit elaborated that a court may consider "as one factor in its reasonableness determination, the time spent and

---

[2] Section 406(b) governs fee awards for representation before a court, while § 406(a) authorizes fee awards for representation before the Commissioner of Social Security.

[3] The Court noted that such delay would justify a fee reduction "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.*

3

work performed by counsel on the case when it was pending at the agency level." Although §406(a) governs fee awards at the agency level, consideration under §406(b) of time spent at the agency level is "appropriate insofar as it g[ives] the district court a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

### III. Discussion

The Court agrees with Judge Crigler's conclusions that counsel's representation in this matter was risky, given that payment for his services was far from certain; Regional Chief Judge Cristaudo's letter awarding counsel $6,000 in fees under the Equal Access to Justice Act supports the conclusion that this case raised significant and complex issues[4]; counsel's background and expertise likely enabled his firm to achieve favorable results with less effort; counsel represented Plaintiff for over three years without any compensation; and the Court should consider the sanctity of a bargain knowingly and willingly struck between the parties.

However, the Court cannot ignore its responsibility to consider the specific reasonableness factors enumerated in *Gisbrecht*. The Court can find no reason to reduce counsel's fee based on the character of the representation or the results achieved, which were excellent for the claimant. However, the Court notes that counsel occasioned at least three months of delay by filing his summary judgment motion over four months after the Commissioner's own filing. Also, a fee of $25,060.86 is undeniably large given the number of

---

[4] (Fee Petition Exh. 3).

4

hours spent on this case, 15.1.[5] Part of this is due to the fact that the Social Security Administration caused four or five additional months[6] of back-due benefits to accrue between August 2003 and November or December 2003 due to a processing delay, which represents a pure windfall for counsel. Further, although the possibility of receiving 25% past-due benefits for both Plaintiff and his dependents was part of the bargain counsel struck, the Court does not believe that it is reasonable for counsel to take 25% of benefits owed to children when his firm is already being amply compensated in this case. The Court finds half that fee rate, 12.5%, to be reasonable.

However, the Court does not agree with the Commissioner that the Court should award a fee of $6300 as in *Milam*, because, among other reasons, that case is easily factually distinguishable. *See* (P. Reply to D's Obj. to R&R, p. 3).

Thus, subtracting eight months of past-due benefits from the childrens' awards, and seven months from Plaintiff's award[7] for the reasons discussed above, and applying a 12.5% rate to the remaining past-due awards for the children, the Court will allow counsel an award of $16,450. This figure includes the $1,887.50 previously awarded counsel by this Court that counsel is obligated to refund the Plaintiff pursuant to the policy of the SSA's Office of General Counsel.

---

[5] Under *Mudd*, the Court believes that it can only consider counsel's 27.6 hours of agency-level representation insofar as it illuminates reasonableness factors *other than* the proportionality of the contingency fee in relation to the number of hours of representation before the Court.

[6] The five-month figure applies in the case of the awards for Plaintiff's dependents, and the four-month figure applies to Plaintiff's own award. *See* (Fee Petition Exh. 6).

[7] The Court has performed this calculation using the December 2002 and December 2003 benefits rates. *See* (Fee Petition Exh. 6).

5

*See* (Fee Petition p.2-3).

Thus, after a thorough examination of the Commissioner's objections and Plaintiff's response thereto, the supporting memoranda, the applicable law, and the documented record, this Court ADOPTS WITH MODIFICATION the Report and Recommendation of the Magistrate Judge, and ORDERS that counsel be paid fee of $16,450 pursuant to 42 U.S.C. § 406(b).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Opinion and Order to all counsel of record.

ENTER: /s/ *signature*

U.S. District Court Judge

DATE: 5/26/06